IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN JOHNSON,

                Petitioner,                      ORDER

      v.                                       09-cv-0582-slc

RANDALL HEPP, Warden,
Stanley Correctional Institution,

                Respondent.

---

      Steven Johnson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is in custody in violation of various rights guaranteed him by the United States Constitution. Pursuant to Rule 3 of the Rules Governing Section 2254 Cases, the petition must be accompanied by:

(1) the five dollar ($5) filing fee; OR

(2) a motion for leave to proceed *in forma pauperis*, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution.

Although petitioner has requested leave to proceed <u>in forma pauperis</u> and supported his request with an affidavit of indigency, he has failed to submit the certificate required by Rule 3. This court cannot determine whether petitioner is indigent for the purpose of filing a § 2254 petition until he submits a trust fund account statement for the six-month period immediately preceding the filing of his habeas corpus petition. *Longbehn v. U.S.*, 169 F.3d 1082 (7th Cir. 1999).

Once petitioner submits his trust fund account statement, this court will calculate petitioner's average monthly deposits and his average monthly balances for the six-month period mentioned above. If 20% of the greater of these two figures is $5 or more, he will not be eligible for indigent status and will have to prepay all of the $5 filing fee. If 20% of the greater of these two figures is less than $5, he will be required to prepay whatever portion less than $5 has been calculated.

Now that petitioner is aware of the formula this court uses in determining whether a prisoner is indigent for the purpose of paying a $5 filing fee, he may be able to figure easily whether he qualifies. If he knows that he will not qualify for indigent status, he may elect to submit a check or money order made payable to the clerk of court in the amount of $5 in lieu of the six-month statement requested above. In any event, petitioner should act quickly. If, by October 14, 2009, petitioner does not submit either the $5 payment or a trust fund account statement for the last six months, his request for leave to proceed in forma pauperis will be denied and this action will be closed.

Entered this 24th day of September, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge