IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN JOHNSON,

      Petitioner,          ORDER

 v.                  09-cv-582-slc

RANDALL HEPP, Warden,
Stanley Correctional Institution,

      Respondent.

---

  Steven Johnson, an inmate at the Stanley Correctional Institution in Stanley, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

  According to the petition, petitioner was convicted on August 26, 2009 in the Circuit Court for Milwaukee County of robbery by threat of force. Petitioner alleges that his custody resulting from that conviction is in violation of various rights guaranteed to him by the United States Constitution.

  Pursuant to 28 U.S.C. § 2254(b), a federal district court may not grant a state prisoner's application for a writ of habeas corpus unless the prisoner has first exhausted the state court remedies that are available to him. State court records available electronically show that the circuit court has not yet entered in judgment in petitioner's case. A sentencing hearing is scheduled for October 29, 2009. Wisconsin Circuit Court Access,

http://wccawicourts.gov (search Milwaukee County Case 08CF195) (visited Oct. 12, 2009). Thus, petitioner's conviction has not even become final yet.

Petitioner asserts that the various claims he raises in the petition have been exhausted by virtue of his having filed an interlocutory appeal from the circuit court's order denying his motion to suppress evidence. However, the court of appeals did not consider the merits of petitioner's appeal, finding that it did not meet the criteria for interlocutory appeal. Order of Wis. Ct. of Appeals, 2009 AP 500-CRLV, Apr. 22, 2009, attached to petition, dkt. #1, at exh. B. Petitioner still has state remedies that remain available to him on his claims, namely, the direct appeal process provided by Wis. Stat. § 974.02. He must complete that process, including a petition for discretionary review with the Wisconsin Supreme Court, before he will be deemed to have exhausted his state court remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

ORDER

IT IS ORDERED that the petition of Steven Johnson for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies.

Entered this 13th day of October, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge