IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN JOHNSON,

                Petitioner,                ORDER

     v.                                       09-cv-0582-slc

RANDALL HEPP, Warden,
Stanley Correctional Institution,

                Respondent.

---

On October 14, 2009, this court entered a judgment, dismissing petitioner Steven Johnson's application for a writ of habeas corpus on the ground that he had failed to exhaust his state court remedies. Petitioner has now filed a notice of appeal and a request for a certificate of appealability. Petitioner insists that he exhausted his state court remedies on his Fourth Amendment claims by filing an interlocutory appeal from the circuit court's order denying his motion to suppress evidence.

Petitioner's request for a certificate of appealability must be denied. As pointed out in the October 13, 2009 order of dismissal, the Wisconsin Court of Appeals did not grant petitioner's request to appeal from the circuit court's order, finding that it did not meet the criteria for interlocutory appeal. Thus, the merits of petitioner's claims have yet to be considered by the state appellate courts, meaning that his claims are unexhausted. Johnson

v. Loftus, 518 F.3d 453 , 455 (7th Cir. 2008) (federal court cannot consider merits of claims unless state courts have first had full and fair opportunity to review claims).

Further, under Moore v. Mote, 368 F.3d 754 (7th Cir. 2004), this court's order dismissing the petition for a writ of habeas corpus is not a "final" appealable order. Petitioner is free to return to federal court with his claims after he has completed the direct appeal process in state court. At the time this court dismissed the petition, petitioner's one-year limitations period under the AEDPA had not even begun to run, so any new federal petition that he files after completing his direct appeal will not be barred as untimely. Cf. Dolis v. Chambers, 454 F.3d 721, 723 (7th Cir. 2006) (district court's order dismissing petition without prejudice became "effectively final" at moment when one-year federal limitations period expired).

Accordingly, because this court has not issued a "final order" in petitioner's federal habeas proceeding, petitioner has no right to appeal.

ORDER

IT IS ORDERED that petitioner's request for a certificate of appealability is DENIED because there is no final order from which to appeal.

Entered this 3rd day of November, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge